UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JACQUELINE Y. SCOTT,

    Plaintiff,

v.                                        Case No. 2:13-cv-2710

TITLEMAX OF TENNESSEE, INC.,

    Defendant.

---

**COMPLAINT UNDER THE FLSA**

---

Plaintiff Jacqueline Y. Scott, through her attorneys, brings this action against Defendant TitleMax of Tennessee, Inc. under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to properly pay overtime compensation.

## I. JURISDICTION

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

## II. FACTS

### A. Parties

2.    Plaintiff Jacqueline Y. Scott is an adult resident of Horn Lake, Mississippi. During the applicable statutory period, Plaintiff worked as a store manager at Store No. 9 located in Memphis, Tennessee.

3.    Defendant TitleMax of Tennessee, Inc. is a for profit corporation formed and organized under Tennessee state law. At all relevant times herein, Defendant TitleMax of Tennessee, Inc. was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. §

1

203(d).

4.      Defendant TitleMax of Tennessee, Inc. is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.  Specifically, Defendant TitleMax of Tennessee, Inc. has annual sales of not less than $500,000.

## B. Factual Allegations

5.      Plaintiff was employed by Defendant as a store manager at Store No. 9 located at 3190 Summer Avenue, Memphis, Tennessee 38112 during the applicable statutory period. Plaintiff began her employment with Defendant on or around April 18, 2011 and ended her employment on or around August 2, 2013.

6.      The FLSA requires covered employers, such as Defendant, to compensate non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.  During the applicable statutory period, Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

7.      Plaintiff, a non-exempt employee under the FLSA who was paid on an hourly basis, regularly worked an average of fifteen (15) to sixteen (16) hours per week of overtime without receiving any overtime compensation from Defendant.

8. At all times during her employment, Defendant was well aware based on manipulations that Defendant's management team made to Plaintiff's time that Plaintiff worked in excess of forty (40) hours per week on a regular basis.

9. Defendant required Plaintiff and her co-workers to take extended lunches or breaks in order to avoid the payment of overtime. During such extended lunch or break periods, Plaintiff was required to continue working despite being "clocked out" from Defendant's timekeeping system.

10. On days when Plaintiff worked overtime, Defendant would adjust the clock-in and clock-out times in Defendant's timekeeping system for Plaintiff's lunch break to reflect an extended lunch period. For example, if Plaintiff worked two (2) hours of overtime on a particular day, on Plaintiff's time records, Defendant would adjust Plaintiff's clock-in and clock-out times to reflect a two (2) hour lunch break.

11. Further, even when overtime was approved and Plaintiff worked in excess of forty (40) hours in a work week, Defendant would reduce the amount of overtime hours worked before compensating Plaintiff.

12. At this juncture, Plaintiff estimates that she has been deprived of overtime compensation of at least $30,560 (1.5 times $12.02 (Plaintiff's hourly pay rate) = $18.03 per hour times 15 hours of overtime per week for 113 weeks) during the relevant time period.

13. As a result of its actions and the conduct described above, Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 207(a)(1), with respect to Plaintiff. Thus, Plaintiff suffered a loss of wages as set forth above.

14. Further, by failing to accurately record, report, and/or preserve records of all hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with

respect to Plaintiff sufficient to determine her wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.* Additionally, Defendant was well aware that it was required to pay Plaintiff overtime, evidenced by the fact that the handbook states that Plaintiff's job title is entitled to overtime compensation and since she was paid on an hourly, rather than salary basis. Also, Defendant manipulated Plaintiff's time to avoid paying her overtime compensation. As a result, the foregoing conduct on the part of Defendant constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1. Judgment against Defendant for an amount equal to unpaid back wages at the applicable overtime rates;

2. Judgment against Defendant that its violations of the FLSA were willful;

3. An equal amount to the overtime damages as liquidated damages;

4. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

6. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

7. An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit; and,

8. For all such further relief as the Court deems just and equitable.

Respectfully submitted,


<u>/s/ William B. Ryan</u>
William B. Ryan – TN Bar #20269
Bryce W. Ashby – TN Bar #26179
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
Email: billy@donatilawfirm.com

ATTORNEYS FOR PLAINTIFF

**Dated: 9.11.2013**